# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

SANDY KNIGHT,

    Plaintiff,

v.

BEALL'S OUTLET STORES, INC.,

    Defendant.

CV 215-166

## ORDER

Pending before the Court is Defendant Beall's Outlet Stores, Inc.'s ("Defendant") Motion to Dismiss Complaint and Memorandum in Support Thereof. Dkt. No. 8. Plaintiff Sandy Knight ("Plaintiff") filed a Response in Opposition to Defendant's Motion. Dkt. No. 11. The Motion is now ripe for the Court's review. For the reasons set forth below, Defendant's Motion to Dismiss (Dkt. No. 8) is **GRANTED in part and DENIED in part**.

### FACTUAL BACKGROUND

The following facts are taken solely from Plaintiff's Complaint. Dkt. No. 1 ("Compl."), pp. 1-4. Defendant is a corporation with multiple stores located throughout Georgia and the United States. Id. ¶ 2. Plaintiff worked as a store

manager in Defendant's Wayne County, Georgia store. Id. ¶ 4. Occasionally, Plaintiff traveled to work to Defendant's other stores, which included those located both in Georgia and out-of-state. Id. While employed by Defendant from March, 2009 through March, 2015, Plaintiff worked a substantial number of overtime hours. Id. ¶¶ 4-5. Plaintiff alleges that she has not been compensated for her overtime hours. Id. ¶ 6. Specifically, Plaintiff alleges that she "should have been paid the regular hourly rate for all [overtime] hours plus an overtime premium of one-half of the hourly rate for each hour worked in excess of forty hours in any given week." Id.

Plaintiff alleges that Defendant's refusal to pay her overtime wages violates the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et. seq. ¶¶ 1, 3, 7. Specifically, Plaintiff contends that she is owed "liquidated damages [in] an amount equal to the total amount of unpaid wages and overtime" and that Defendants are responsible for covering her attorney's fees, as authorized by section 216(b) of the FLSA. Id. ¶¶ 8-10. Second, Plaintiff pleads a breach of contract claim in light of the fact that Defendant failed "to pay [her] for all of her hours worked." Id. ¶ 11. Finally, Plaintiff makes reference to unspecified "state law claims." Id. at p. 3, ¶ B.

## DISCUSSION

Defendant challenges Plaintiff's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 8, pp. 1-6. When ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a district court must accept as true the facts that are set forth in the complaint and draw all reasonable inferences in the plaintiff's favor. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). The court must also limit its consideration to the pleadings and any attached exhibits. Fed. R. Civ. P. 10(c); see also GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). In order to state a claim for relief, the pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement required by Rule 8(a)(2) is intended to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 319 (2007). A Rule 12(b)(6) motion to dismiss should only be granted if the plaintiff's complaint has failed "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In support of its Motion to Dismiss, Defendant argues as follows: (1) that Plaintiff's Complaint fell short of the Fed. R. Civ. P. 8(a)(2) requirement that a complaint contain a "short and plain statement of the claim showing that the pleader is

3

entitled to relief,"; (2) that Plaintiff merely set forth conclusory statements as to her breach of contract claim; and (3) that Plaintiff failed to properly plead her state law claim. See generally Dkt. No. 8. Plaintiff responded by arguing that: (1) she adequately pled her breach of contract claim; and (2) Defendant could have filed a Motion for a More Definite Statement to clarify any confusion regarding the breach of contract and state law claims. See generally Dkt. No. 11.

Plaintiff's Complaint clearly sets forth facts, which, if true, would show that she is covered by the FLSA and entitled to relief. Specifically, Plaintiff alleges that: (1) she was "employed" by Defendant, a corporation, compl., ¶ 2; (2) Defendant "was, at all times mentioned herein, 'an enterprise engaged in commerce', as defined [by] the FLSA," id. ¶ 3; and (3) she "worked a substantial amount of overtime, for which [she] has not been compensated." Id. ¶ 5.[1] These facts are sufficient to set forth a claim under the FLSA. Accordingly, the Court **DENIES** Defendant's Motion to Dismiss as to Plaintiff's FLSA claim.

As to Plaintiff's breach of contract claim, "the elements for a breach of contract claim in Georgia are the (1) breach and

---

[1] The Court notes that sister courts in the Eleventh Circuit have not required plaintiffs, in pleading FLSA claims, "to plead which weeks [s]he worked overtime, the number of overtime hours worked each week, or the amount of FLSA damages [s]he seeks." Topol v. Artech Info. Sys., LLC, No. 6:15-CV-1526-ORL-40KRS, 2016 WL 3763216, at *2 n.2 (M.D. Fla. June 24, 2016) (gathering cases holding the same within the Eleventh Circuit).

the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Uhlig v. Darby Bank & Trust Co., 556 F. App'x 883, 887 (11th Cir. 2014) (per curiam) (quoting Norton v. Budget Rent a Car Sys. Inc., 705 S.E.2d 305, 307 (Ga. Ct. App. 2010)). "A breach occurs if a contracting party fails to perform the engagement as specified in the contract." Id. (ellipses omitted) (quoting UWork.com, Inc. v. Paragon Techs., Inc., 740 S.E.2d 887, 893 (Ga. Ct. App. 2013)). Thus, "to assert a claim for breach, the party against whom the claim is brought must have been a party to the contract." Id. (quoting UWork.com, Inc., 740 S.E.2d at 893).

In a motion to dismiss, the Court draws all reasonable inferences in favor of the non-moving party, here Plaintiff. Randall, 610 F.3d at 705. Accepting, as this Court must at this stage, that Plaintiff's allegations are true and that there was a contract between Plaintiff and Defendant as alleged, Plaintiff has set forth sufficient facts alleging a breach of said contract.[2] Specifically, Plaintiff alleges that the contract between the parties was breached when she worked a "substantial amount of overtime," without receiving overtime pay, even though she had been employed as a store manager by Defendant for six years. Id. ¶¶ 4-5. Therefore, as to the portion of Defendant's

---

[2] The Court notes that the issue may be revisited on Summary Judgment.

5

AO 72A
(Rev. 8/82)

Motion pertaining to breach of contract, Defendant's Motion is **DENIED**.

Finally, as to Plaintiff's reference to other, unspecified state law causes of action, the Court notes that Plaintiff makes one vague reference to "state law claims." Id. at p. 3, ¶ B. Specifically, Plaintiff alleges that this Court should allow her to "recover from the Defendant all unpaid wages and overtime, along with liquidated damages, all as provided by the . . . laws of the State of Georgia." Id. This statement does not provide Defendant—or the Court for that matter—with a basis for a claim, other than Plaintiff's breach of contract claim, arising under state law. Plaintiff has thus failed to adequately plead a claim "giv[ing] Defendant fair notice of what the claim is and the grounds upon which it rests" as to any state law claims. Tellabs, Inc., 551 U.S. at 319. Therefore, Defendant's Motion to Dismiss, as to state claims other than the state law breach of contract claim, is **GRANTED**.

## CONCLUSION

Defendant's Motion to Dismiss (Dkt. No. 8) is **GRANTED in part and DENIED in part.** Defendant's Motion to Dismiss is **GRANTED** with regard to Plaintiff's non-breach of contract state law claims. Defendant's Motion to Dismiss is **DENIED** as to Plaintiff's state law breach of contract and FLSA claims.

**SO ORDERED**, this 22ND day of August, 2016.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA