# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

SANDY KNIGHT,

    Plaintiff,

v.

BEALL'S OUTLET STORES, INC.,

    Defendant.

CIVIL ACTION NO.: 2:15-cv-166

## O R D E R

This matter comes before the Court on Plaintiff's Motion to Compel. (Doc. 22.) Defendant filed a Response. (Doc. 23.) For the reasons set forth below and those set forth in Defendant's Response, the Court **DENIES** Plaintiff's Motion.

## DISCUSSION

Plaintiff filed this cause of action pursuant to the Fair Labor Standards Act and 28 U.S.C. § 1337, alleging that she was not paid overtime wages for "a substantial amount of overtime[.]" (Doc. 1, p. 2.) The parties held a Rule 26(f) conference on March 23, 2016, and the Court entered a Scheduling Order on May 3, 2016. (Doc. 18.) In that Order, the Court set certain deadlines for the parties, including the close of discovery on July 26, 2016. (Id. at p. 3.) In addition to these deadlines, the Court instructed the parties:

> The following steps be undertaken by all parties prior to the filing of any discovery motions including, but not limited to, a motion to compel, motion to quash, motion for a protective order, or motion for sanctions.
>
>     1.    The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rules 26(c)(1) and 37(a)(2) of the Federal Rules of Civil Procedure, and

> Local Rule 26.5, by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention.
>
> 2. In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute <u>prior to</u> the filing of any motions.[1] The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.
>
> 3. If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court will entertain a discovery motion. In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court as required by Federal Rules of Civil Procedure Rules 26(c)(1) and 37(a)(2).
>
> 4. The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute <u>and</u> all of the above-identified steps have been strictly complied with. A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

(<u>Id.</u> at pp. 2–3.)

On July 29, 2016, just three days after the close of discovery, Plaintiff filed her Motion to Compel seeking a Court Order for Defendant to fully answer specified Interrogatory Requests and Requests for Production of Documents. (Doc. 22.) Plaintiff submitted a letter her counsel wrote Defendant's counsel seeking these answers, which Plaintiff contends "show[s] that there has been a good faith effort to resolve these discovery issues[.]" (<u>Id.</u> at p. 1.) In this letter, Plaintiff's counsel wrote Defendant's counsel on July 11, 2016, seeking Defendant's counsel to provide all requested information "by the close of business" on July 13, 2016, "or it will be necessary for use to seek the involvement of the Court." (Doc. 22-3, p. 2.)

---

[1] The Court also advised, "The parties may schedule such a conference by contacting the Magistrate Judge's Courtroom Deputy Clerk." (Doc. 18, p. 2 n.1.)

Contrary to Plaintiff's assertion, her counsel's letter in no way shows the requisite good faith effort to resolve this purported discovery issue prior to seeking this Court's intervention. Based on the evidence before the Court, this letter represents the only attempt to resolve this issue before the filing of Plaintiff's Motion. In fact, Defendant's counsel avers that "the parties' counsel did not have a meaningful discussion as to the contents of the present motion." (Doc. 23, p. 3.) Further, Defendant maintains that, in response to counsel's letters to each other, each party produced documents to the opposing party on July 11, 2016. (Id. & at p. 4.) The sending of one letter to the opposition simply cannot serve as the basis for good faith efforts under the Federal Rules of Civil Procedure or this Court's Local Rules. Whitesell Corp. v. Electrolux Home Products, Inc., No. CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) ("[O]ne letter or discovery request, which simply demands that a party accede to every demand for information, can hardly be considered to qualify as a good faith effort to confer and attempt to resolve a dispute."); see also Naviant Marketing Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186–87 (3d Cir. 2003) (recognizing requirement for good faith effort at conferring about dispute, not simply demanding acquiescence); Williams v. Bd. of Cty. Comm'rs of Unified Gov't of Wyandotte Cty. & Kansas City, Kan., 192 F.R.D. 698, 699–700 (D. Kan. 2000) (single letter between counsel which addresses discovery dispute does not satisfy duty to confer); Porter v. Brancato, No. Civ. A. 96-2208-KHV, 1997 WL 150050, at *1 (D. Kan. Feb. 24, 1997) ("'A reasonable effort to confer' means more than mailing a letter to opposing counsel.").

Moreover, in addition to failing to make a good faith effort to resolve this dispute prior to the filing of this Motion, Plaintiff failed to contact the Court to schedule a telephonic hearing prior to filing this Motion. The parties clearly were directed to engage in good faith efforts and to contact the Court for a telephonic conference prior to the filing of any Motion for the

resolution of any discovery conflict. Plaintiff's counsel disregarded the clear instructions of this Court by filing this Motion. Such behavior will not be tolerated and certainly will not be rewarded. Nevertheless, should the parties truly have a conflict which cannot be resolved by employing the steps outlined above and in the Scheduling Order (including discussing the discovery issues between counsel and, if that discussion is unsuccessful, having a telephonic conference with the Court), the Court will entertain a properly made motion after (and only after) Plaintiff has exhausted those steps.

**SO ORDERED**, this 23rd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA